IN RE JENNINGS' ESTATE. WOODS, ADMINISTRATOR, RESPONDENT, *v.* WOODS, APPELLANT.

(No. 6,067.)

(Submitted March 22, 1927. Decided April 8, 1927.)

[254 Pac. 1069.]

(For syllabus, see *In re Jennings' Estate, ante,* p. 73.)

*Appeal from District Court, Sweet Grass County, in the Sixth Judicial District; B. B. Law, Judge of the Ninth District, presiding.*

FROM AN ORDER awarding objectors to the final account of James G. Woods, administrator of the estate of Elizabeth Woods Jennings, costs incurred on appeal out of the funds of the estate instead of requiring the administrator to pay them out of his own funds, they appeal. Reversed and remanded, with directions.

*Messrs. Grimstad, Brown & Davis,* for Appellant, submitted a brief; *Mr. Horace S. Davis* argued the cause orally.

*Messrs. O'Connor & Miller* and *Mr. M. J. O'Connor,* for Respondent, submitted a brief; *Mr. M. J. O'Connor* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The above-entitled cause was heretofore before this court on an appeal from an order settling the accounts of the administrator. (74 Mont. 468, 241 Pac. 655.) In reversing the order of the court and remanding the cause for further proceedings it was by this court said, in disposition of the costs of appeal: "The appellant shall recover his costs."

On December 19, 1925, after a remittitur from this court had been received and filed by the clerk of the district court,

the appellant, being the prevailing party on the appeal, filed a memorandum of his costs and disbursements on the appeal, totaling $181.95. Later, on January 23, 1926, the district court made a formal order in the matter of the estate proceedings in conformity with the decision of this court and requiring the defendant to further account wherein, among other things, it is by the court "ordered, adjudged, and decreed * * * that the objector, Harvey L. Woods, have and recover of and from the said James G. Woods his costs herein incurred." Thereafter the Honorable B. B. Law of the ninth judicial district, the presiding judge in the matter of the estate of Elizabeth Woods Jennings, deceased, was, by affidavit, disqualified in the proceeding. However, July 6, 1926, at Bozeman, he made a further order of the proceeding entitled, "An order amending order and expressing true intention of court," wherein, after considerable in the way of recitals, it is adjudged: "That said order and decree heretofore entered, as aforesaid, be, and the same is hereby, amended and corrected to read as follows: 'That the objectors, Harvey L. Woods and Carrie M. Ammerman, do have and recover of the said James G. Woods, as the administrator of the estate of Elizabeth Woods Jennings, their costs herein incurred, payable out of the funds or other property of the estate, and not otherwise.' " The appeal is from the last-mentioned order.

That which is said in disposition of the companion appeal, No. 6066, entitled "In the Matter of the Estate of Elizabeth Woods Jennings, Deceased. James G. Woods, as Administrator of the Estate of Elizabeth Woods Jennings, Deceased, and as an Individual, Plaintiff and Respondent, v. Harvey L. Woods and Carrie M. Ammerman, Defendants and Appellants," *ante*, p. 73, 254 Pac. 1067, is applicable and determinative of this appeal.

The district court's order of January 23, 1926, is upheld, and the cause is remanded to the district court of Sweet Grass county, with directions to vacate and set aside the amendatory order of July 6, 1926.

The costs of this appeal are assessed personally to the respondent, James G. Woods.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS and MATTHEWS concur.

MR. JUSTICE STARK, deeming himself disqualified, takes no part in this decision.